# Brainard

## vs.

# Brainard.

(March 28, 1908.)

1. CONSTITUTIONAL LAW—SECTION 13 OF PRACTICE ACT—VALIDITY—SERVING PROCESS ON NON-RESIDENT PARTNERSHIP—DUE PROCESS OF LAW. Section 13 of the new practice act which provides that a co-partnership whose members are all non-residents but who have a place of business in this state, may be served with process by serving the same upon any of its agents is unconstitutional as depriving a person of his property without due process of law; its effect being to authorize a personal judgment on substituted service.
2. SAME—IMMUNITIES—DISCRIMINATION. The law is also invalid because it discriminates against the citizens of other states, thus violating clause 1, sec. 2, art. 4 of, and the 14th amendment to the Federal constitution.

Motion to quash attachment writ. Heard before Judge Ben M. Smith.

This action was in assumpsit by the plaintiff against her divorced husband to recover on a decree of alimony rendered by the circuit court of Sangamon county. The suit was commenced on October 22, 1907, and on the same date plaintiff sued out an attachment in aid against the defendant as a non-resident, alleging his place of residence to be at Detroit, Michigan. The sheriff made a return upon the attachment writ that he had served the same upon the firm of A. O. Brown & Co., a co-partnership, as garnishees, by serving the same upon an agent of said co-partnership in charge of the Chicago office of said firm. The garnishees, Albert O. Brown and five other individuals composing said firm of A. O. Brown & Co., appeared specially and moved to quash the writ and to dismiss said suit as to them for the reason that said writ was not served upon them or any or either of them.

It was admitted that the firm of A. O. Brown & Co. was

composed of six members, all residents of the state of New York, in business as brokers, having a main office in New York City and branch offices in Chicago and also in Detroit, in which latter office the defendant, Brainard, was in their employ.

The plaintiff attempted to sustain such service under section 13 of the new practice act, approved June 3, 1907 which is as follows: "A co-partnership, the members of which are all non-residents but having a place or places of business in any county of this state in which suit may be instituted, may be sued by the usual and ordinary name which it has assumed and under which it is doing business, and service of process may be had in such county upon such co-partnership by serving the same upon any agent of said co-partnership within this state."

By the motion to quash the writ, the constitutionality of said section 13 was directly put in issue.

*Seth F. Crews,* for the plaintiff; *M. Paul Noyes* for the garnishees.

Judge Smith held said section unconstitutional for two reasons:

First: That it is obnoxious to the constitutional requirement that no person shall be deprived of property without due process of law (U. S. const. 5th and 14th amendments and Ill. const. art. 2, sec. 2), the necessary effect of the statute, if sustained, being to authorize a personal judgment without personal service, and

Second: That it is invalid as discriminating against citizens of other states, thereby violating the 14th amendment to the federal constitution and also clause I, sec. 2, art. 4 of the federal constitution.

NOTE. The same conclusion was reached by Judge John H. Hume of the municipal court in *Jones v. Auditorium Theater Co.* (decided 1908, unreported).—Ed.